MAYER v. WAGUESPACK

———

(November 18, 1929. Opinion and Decree.)
(December 16, 1929. Rehearing Refused.)

———

Arthur F. Peters, of New Orleans, attorney for plaintiff, appellant.

W. J. Waguespack, of New Orleans, attorney for defendant, appellee.

JANVIER, J. Plaintiff is the owner of a duplex apartment. He had leased one of the apartments to defendant.

The apartment had just been remodeled and a new steam-heating system had been installed. Defendant did not occupy the premises for the whole term of the lease, but sublet it to another tenant. At the expiration of the lease it developed that there were certain defects in the premises, the only important one of which was a leak in the steam boiler. This suit is brought by plaintiff in an attempt to recover from defendant the damages caused the premises.

Defendant contends that, so far as the minor items are concerned, settlement has been made for these, and, so far as the major item, consisting of the damage to the steam boiler, is concerned, the proof fails to show that the leak in question did not exist at the time of the commencement of the lease. The trial court rendered judgment in favor of defendant.

A study of the record leads us to the belief that the finding of the trial court was correct. There is some conflict as to whether or not the water bill which defendant claims he settled was the same bill for which plaintiff is now seeking to recover. This is purely a question of fact which was resolved by the trial court in favor of defendant, and we are unable

to say that the evidence convinces us that the finding of the trial court is erroneous.

At the time of the installation of the heating system, it was absolutely new, and therefore ordinarily it would be fair to presume that it was not defective. The testimony, however, shows that the defect which is now complained of would not make itself manifest until the pressure in the boiler was raised to about five pounds, and the evidence also shows that in ordinary normal houses a pressure of three or four pounds was all that was required for the heating of the premises. It is therefore quite possible that the defect existed at the time of the installation of the boiler, and the evidence of plaintiff's witnesses, instead of showing conclusively that the defect did not exist at that time, shows that there was a fair possibility of its having been there from the very beginning. For instance, Mr. Troy, who repaired the boiler for plaintiff after the defect was discovered, testified as follows:

"Q. You don't know whether it was an original crack? It is practically impossible to state what was the cause of it, this crack was right where the cold water entered the thing and it might be an original defect?
"A. That is possible, it had never been run under any high pressure."

In our judgment there is considerable doubt as to whether this defect existed originally or not, but the burden is on plaintiff to prove that it did not exist when the premises were leased to defendant, and the evidence produced by plaintiff is not sufficient on this point.

We are of the opinion that the finding of the trial court was correct, and the judgment appealed from is therefore affirmed.